UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNA S., an Individual,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No.: 5:19-01782 ADS<br><br><br>MEMORANDUM OPINION AND ORDER |

I.　**<u>INTRODUCTION</u>**

　　Plaintiff Adrienna S.[1] ("Plaintiff") challenges Defendant Andrew M. Saul, Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial of her applications for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI"). Plaintiff contends that the Administrative Law

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Judge ("ALJ") improperly rejected her subjective symptom testimony. For the reasons stated below, the decision of the Commissioner is affirmed, and this matter is dismissed with prejudice.

## II. FACTS RELEVANT TO THE APPEAL

Plaintiff reported that she last worked as a teacher's aide for students ages 7 to 22 with behavioral issues and/or autism. (Administrative Record "AR" 41, 276). Plaintiff completed a Work History Report stating that she worked in the capacity of teacher from July 2007 through May 2015. (AR 276). At the administrative hearing, Plaintiff testified that she stopped working because she was laid off from her job and that she did not try to find work thereafter because she then started to get "bad neck and back pains and then started going to the doctor." (AR 41).

Plaintiff filed applications for DIB and SSI on June 9, 2016, alleging a disability onset date of May 22, 2015. Plaintiff stated on her applications that she filed for disability due to the following conditions: "osteoporosis in my back; high blood pressure; asthma; isomonia[sic]; sciatic nerve; arthritis in neck; numbness in feet and hands; headaches; and depression." (AR 62-23). At the administrative hearing, Plaintiff testified that she did not attempt to find employment after she was laid off in May 2015 because she had "[r]eal crucial pain in my neck and that it would go into my shoulders and then it got into my back." Plaintiff, however, did not seek medical care for her musculoskeletal complaints until October 27, 2015. (AR 21, 333-34). Indeed, the medical note from that visit indicated that she had not been seen since September 2014. (AR 333-34).

When asked what other conditions would make it difficult for her to work full-time, Plaintiff also testified of issues related to arthritis in her neck and back, a nerve

-2-

condition in her left foot and both legs, high blood pressure, numbness in her feet and hands, headaches, depression, inability to sit or stand for longer than 10-15 minutes at a time and asthma.  (AR 43-46).  Plaintiff stated that she has more bad days than good days.  (AR 48). Plaintiff also said that she does no chores, lives with her sister who does almost everything around the house, and mostly spends her days sleeping and watching television (AR 48, 52-55).  As for treatment, Plaintiff takes Tylenol for her headaches, uses a cane, sees a psychiatrist for her depression, takes pain medication, has had one injection in her lower back and attended 3 physical therapy sessions before stopping.  (AR 45, 49-50).  Plaintiff also stated that no doctor has recommended or spoken to her about surgery, other than for fiber tumors.  (AR 51).

### III. PROCEEDINGS BELOW

#### A. Procedural History

Plaintiff protectively filed her applications for DIB and SSI on June 9, 2016, alleging disability beginning May 22, 2015.  (AR 215-28, 233-34).  Plaintiff's claims were denied initially on September 22, 2016 (AR 110-14), and upon reconsideration on December 8, 2016 (AR 119-23).  A hearing was held before ALJ Joel Tracy on November 16, 2018.  (AR 36-62).  Plaintiff, represented by counsel, appeared and testified at the hearing, as did vocational expert Gloria J. Lasoff.  (Id.)

On December 27, 2018, the ALJ found that Plaintiff was "not disabled" within the meaning of the Social Security Act.[2]  (AR 15-25).  The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for

---

[2] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A).

review on August 5, 2019. (AR 1-6). Plaintiff then filed this action in District Court on September 17, 2019, challenging the ALJ's decision. [Dkt. No. 1].

On March 4, 2020, Defendant filed an Answer, as well as a copy of the Certified Administrative Record. [Dkt. Nos. 17, 18]. The parties filed a Joint Submission on June 2, 2020. [Dkt. No. 19]. The case is ready for decision.[3]

### B. Summary of ALJ Decision After Hearing

In the decision (AR 15-25), the ALJ followed the required five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.[4] 20 C.F.R. § 404.1520(a).[5] At **step one**, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since May 22, 2015, the alleged onset date. (AR 17). At **step two**, the ALJ found that Plaintiff had the following severe impairments: (a) obesity; (b) degenerative disc disease of the lumbar spine; (c) degenerative disc disease of the thoracic spine; (d) cervical spinal stenosis; (e) asthma, mild and persistent; (f) obstructive sleep apnea; and (g) bipolar disorder. (AR 17). At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that

---

[3] The parties filed consents to proceed before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. [Dkt. Nos. 11, 12].

[4] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

[5] For simplicity, the Court will only cite the DIB regulations, which are essentially parallel to the SSI regulations found at 20 C.F.R. §§ 416.900-416.999.

meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)."  (AR 18).

The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC")[6] to perform light work as defined in 20 C.F.R. § 404.1567(b)[7], further restricted by the following limitations:

> occasionally reach overhead with the bilateral upper extremities; occasionally climb ramps and stairs; occasionally stoop, kneel, crouch, crawl, and balance; can tolerate occasional exposure to pulmonary irritants such as dusts, gases fumes, and odors; never climb ladders, ropes and scaffolds; must avoid extreme cold; must avoid working at heights, unprotected places and around heavy machinery with unguarded moving parts; and she can understand, remember and carry out simple, routine tasks and can occasionally interact with the general public.

(AR 20).

At **step four**, the ALJ found that Plaintiff is unable to perform any past relevant work.  (AR 23).  At **step five**, considering Plaintiff's age, education, work experience and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform."  (AR 24).  The ALJ accepted the

---

[6] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations.  See 20 C.F.R. § 404.1545(a)(1).

[7] "Light work" is defined as
> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b); see also Rendon G. v. Berryhill, 2019 WL 2006688, at *3 n.6 (C.D. Cal. May 7, 2019).

vocational expert's testimony that Plaintiff would be able to perform the representative occupations of: material distributor (DOT 230.687-010); cleaner (DOT 323.687-014); and assembler (DOT 706.684-022). Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from May 22, 2015, through the date of the decision, December 27, 2018. (AR 25).

## IV. ANALYSIS

### A. Issue on Appeal

Plaintiff raises one issue for review: whether the ALJ has properly considered Plaintiff's testimony. [Dkt. No. 19 (Joint Submission), 4].

### B. Standard of Review

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g). The District Court is not a trier of the facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence. Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (District Court's review is limited to only grounds relied upon by ALJ) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)). A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole,

weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless, that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citation omitted); Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012).

### C. Whether the ALJ Properly Evaluated Plaintiff's Testimony

Plaintiff asserts that the ALJ impermissibly rejected her subjective symptom testimony. Defendant, on the other hand, contends the ALJ properly evaluated Plaintiff's subjective statements, finding them inconsistent with the record.

#### 1. Legal Standard for Evaluating Claimant's Testimony

A claimant carries the burden of producing objective medical evidence of his or her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms. Benton ex rel. Benton v. Barnhart, 331

F.3d 1030, 1040 (9th Cir. 2003). Once the claimant meets that burden, medical findings are not required to support the alleged severity of pain. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); see also Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) ("claimant need not present clinical or diagnostic evidence to support the severity of his pain") (citation omitted)). Defendant does not contest, and thus appears to concede, that Plaintiff carried her burden of producing objective medical evidence of her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms.

Once a claimant has met the burden of producing objective medical evidence, an ALJ can reject the claimant's subjective complaint "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." Benton, 331 F.3d at 1040. To discredit a claimant's symptom testimony when the claimant has provided objective medical evidence of the impairments which might reasonably produce the symptoms or pain alleged and there is no evidence of malingering, the ALJ "may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear and convincing reasons for doing so." Brown-Hunter, 806 F.3d at 489 ("we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination"); Laborin v. Berryhill, 867 F.3d 1151, 1155 (9th Cir. 2017).

The ALJ may consider at least the following factors when weighing the claimant's credibility: (1) his or her reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his or her conduct; (3) his or her daily activities; (4) his or her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she

complains.  Thomas v. Barnhart, 278 F.3d 948, 958-59 (9th Cir. 2002) (citing Light, 119 F.3d at 792).  "If the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing."  Id. at 959 (citing Morgan v. Apfel, 169 F.3d 595, 600 (9th Cir. 1999)).

          2.    The ALJ provided Clear and Convincing Reasons Supported by Substantial Evidence

Having carefully reviewed the record, the Court finds that the ALJ provided specific, clear and convincing reasons for discounting Plaintiff's subjective complaints.[8]  The ALJ found that Plaintiff's subjective complaints were not entirely consistent with the medical evidence of record, Plaintiff's limited and conservative treatment and the medical opinion evidence.  (AR 20-23).

Important to note, the ALJ did not entirely reject Plaintiff's testimony concerning her pain, symptoms, and level of limitation.  The ALJ stated that he had considered Plaintiff's testimony in limiting her work at the less than light exertional level, which was less than had been assessed by one of the State agency medical examiners.  (AR 23, 63-72).  Accordingly, the ALJ included limitations in Plaintiff's RFC that she only occasionally "reach overhead with the bilateral upper extremities", "climb ramps and stairs", "stoop, kneel, crouch, crawl, and balance", and "tolerate exposure to pulmonary irritants such as dusts, gases, fumes and odors."  (AR 20).  The ALJ further limited Plaintiff in that she "can never climb ladders, ropes and scaffolds", "must avoid extreme cold", "avoid working at heights, unprotected places and around heavy machinery with unguarded parts."  (Id.)  In order to accommodate Plaintiff's asserted mental

---

[8] The ALJ did not make a finding of malingering in his opinion.  (AR 15-25).

-9-

impairments, the ALJ also included that Plaintiff "can understand, remember, and carry out simple, routine tasks and can occasionally interact with the general public." (Id.).

The ALJ did a thorough summary of Plaintiff's subjective symptom testimony and then noted that while Plaintiff's medically determinable impairments could be reasonably expected to cause these symptoms, Plaintiff's statements concerning "the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR 21). The ALJ then set forth a detailed review of Plaintiff's medical records, noting initially that the first medical record in evidence is from an office visit on October 27, 2015, which "indicated the [Plaintiff] was reestablishing care since she had not been seen since September 2014." (AR 21, citing AR 333-34). The ALJ discussed in detail the findings of medical records related to Plaintiff's musculoskeletal complaints, asthma, pain management, MRI reports, injections, physical therapy, arthritis and sleep issues. (AR 21, 22). The ALJ found that the records case doubt on the consistency of Plaintiff's allegations. (AR 22). Notably, Plaintiff does not now raise any issue with the ALJ's review and analysis of the medical records. Nor does the Plaintiff cite to any evidence to contradict the ALJ's analysis and findings of these records.

It was proper for the ALJ to consider how consistent Plaintiff's subjective symptom statements were with this objective medical evidence. 20 C.F.R. § 404.1529(c)(2). This could not be the ALJ's sole reason for rejecting Plaintiff's statements about her symptoms, but it was a factor that the ALJ is permitted to consider. Id.; see also Burch, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir.

2001) (while a claimant's subjective statements about symptomology "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor"). Thus, the lack of consistency between Plaintiff's medical records and her testimony was a proper basis for the ALJ's discounting Plaintiff's testimony.

The ALJ also found doubt with Plaintiff's alleged severe and disabling pain, given that Plaintiff's medical record "is relatively sparse." "The [Plaintiff] has not sought the type of treatment one would expect of a totally disabled individual." The ALJ noted:

> Given the allegations of such severe and disabling impairments, one might expect to see a great level of intervention and/or more aggressive treatment options. On the contrary, what few medical records are available indicate a rather mild and conservative course of treatment in the form of medical management. This suggests that the [Plaintiff] may have exaggerated her symptoms and their true limitations.

(AR 22).

An ALJ may properly consider Plaintiff's treatment history in analyzing her asserted symptoms. 20 C.F.R. § 404.1529(c)(3)(iv),(v),(vi) (factors relevant to a claimant's symptoms, such as pain, which the Commissioner will consider include medication taken to alleviate symptoms; treatment received for pain; and measures used to relieve pain); see also Burch, 400 F.3d at 681 (holding that "ALJ is permitted to consider lack of treatment in his credibility determination"); Moncada v. Chater, 60 F.3d 521, 524 (9th Cir. 1995) (claimant's allegations of disabling pain can be discredited by evidence of infrequent medical treatment or by the minimal use of pain medication). The ALJ pointed out that "in September 2018 a specialist diagnosed the claimant with degenerative changes in the cervical spine with axial symptoms that he did not recommend surgery for; however, continued conservative measures were suggested."

(AR 22, citing AR 703-04). Plaintiff contends that her treatment is not conservative as she has undergone injections and takes pain medication.[9] Plaintiff, however, testified that she has had only one injection as she claimed it did not provide her any relief. (AR 51). Plaintiff also testified that she only attended physical therapy on three occasions as she also found no relief from the sessions. (Id.). The taking of pain medication and some physical therapy, however, does not render erroneous the ALJ's finding that Plaintiff's treatment was conservative. See Jones v. Comm'r of Soc. Sec., 2014 WL 228590, *7-10 (E.D. Cal. Jan. 21, 2014) (ALJ properly found Plaintiff's treatment conservative, which included physical therapy, both anti-inflammatory and narcotic medications, use of a TENS unit, occasional epidural steroid injections, and massage therapy, diminished her credibility); Higinio v. Colvin, 2014 WL 47935, *5 (C.D. Cal. Jan. 7, 2014) (holding that, despite the fact that the claimant had been prescribed narcotic medication at various times, the claimant's treatment as a whole was conservative); Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) (finding that proof of "conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment"); Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (finding that an ALJ can rely on a physician's failure " to prescribe... any serious medical treatment for [a claimant's] supposedly excruciating pain").

The ALJ also properly considered that the medical opinion evidence, finding Plaintiff capable of performing light work, also contradicted Plaintiff's symptom

---

[9] Plaintiff is correct that her receipt of an epidural injection does not necessarily qualify as conservative treatment. See Garrison v. Colvin, 759 F.3d 995, 1015 n.20 (9th Cir. 2014) (expressing "doubt that epidural steroid shots to the neck and lower back qualify as 'conservative' medical treatment"). This one injection, however, without more, does not change the fact that Plaintiff's care was overall limited and conservative, as expressed by the ALJ.

testimony.  (AR 23).  See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175 (9th Cir. 2008) (finding that the medical evidence, including the opinions of two physicians that a claimant could work, supported the ALJ's credibility determination); Moncada, 60 F.3d at 524 (an ALJ may consider physician opinions that claimant could work, which contradict claimant's assertion to the contrary).  Plaintiff makes no challenge of the ALJ's findings of the medical opinions he relied on in his decision (AR 23) and therefore concedes the ALJ's reliance on this evidence.  See Carmickle v. Soc. Sec. Admin., 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address credibility factor that plaintiff failed to argue with any specificity in his briefing); Greger v. Barnhart, 464 F.3d 968, 973 (9th Cir. 2006) (claimant waived issues not raised before the district court); Owens v. Colvin, 2014 WL 5602884, at *4 (C.D. Cal. Nov. 4, 2014) (claimant's failure to discuss, or even acknowledge, ALJ's reliance on certain reasons waived any challenge to those aspects of ALJ's finding).

Based on these clear, convincing and specific reasons for partially rejecting Plaintiff's pain and limitations testimony and the substantial evidence to support his determination, the Court concludes that the ALJ did not commit error in discounting Plaintiff's testimony.

## V. CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED, and the action is DISMISSED with prejudice. Judgment shall be entered accordingly.

DATE: November 12, 2020

                             /s/ Autumn D. Spaeth
                            THE HONORABLE AUTUMN D. SPAETH
                            United States Magistrate Judge